HORACE N. DOUGHERTY, Appellant, v. HOULDER, WEIR & BOYD, INC., Respondent.

First Department, April 5, 1918.

Pleading — admission of allegations of complaint by failure to deny — appeal — motion for new trial entitles plaintiff to have findings of fact reviewed — guaranty and suretyship — change in contract not releasing guarantor from liability.

In an action on an assigned claim to recover a balance due from a guarantor, the defendant by failing to deny the allegations of the complaint admitted that it guaranteed payment.

Although a plaintiff made no motion for the direction of a verdict, its motion for a new trial after judgment for the defendant entitled it to have the findings of fact reviewed.

In an action against one who had guaranteed the payment of a claim for alterations to be made in a boat, held, that a finding that the change was made without the knowledge or consent of the defendant so as to relieve it from liability, is against the weight of the evidence.

A guarantor is not released from liability on its guaranty by a mere change in a detail of the work found to be necessary as the work progressed, and for the benefit of defendant's principal.

APPEAL by the plaintiff, Horace N. Dougherty, from an order and determination of the Appellate Term of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on or about the 9th day of

February, 1917, affirming a judgment and order of the City Court of the City of New York entered in the office of the clerk of said court on the 7th day of March, 1916, as amended by an order entered therein on the 14th day of March, 1916.

*Jay Noble Emley,* for the appellant.

*Achilles H. Kohn* of counsel [*Robert G. Starr* with him on the brief; *K. R. Babbitt,* attorney], for the respondent.

Laughlin, J.:

This is an action on an assigned claim of the M. H. Treadwell Company, a domestic corporation, to recover of defendant, likewise a domestic corporation, as guarantor a balance of $600 alleged to have been due and owing to plaintiff's assignor by the General Petroleum Company, a California corporation, under an agreement in writing between them made on the 23d day of March, 1914. The defendant was the agent of the petroleum company which had chartered the steamship *Mills.* The Treadwell Company had a prior contract with the petroleum company for certain alterations in the ship to convert her into an oil tank steamer. During the course of that work it was decided to make other changes and alterations, and after negotiations resting in parol, the Treadwell Company made a proposition, in the form of a letter, for the additional work as follows:

          " New York, *March* 23, 1914.
          " Cont. 9731.
" General Petroleum Company,
          " 52 Broadway, N. Y. C.
" Attention: Mr. Chas. P. M. Jack, *Cons. Eng.*

" Gentlemen.— In confirmation of our verbal quotation *to your* Mr. Willemstyn on extra work required for removing steering engine, putting in foundations for towing engine, etc.

" We take pleasure in naming you the sum of Twenty-six hundred Dollars ($2,600.00).

" Kindly note this price is based on the following:

" We are to remove the steering engine from its present location to the deck below. The present location we understand is to be used for towing engine.

" We are to furnish a foundation plate for this towing

engine, together with six columns, four of which will reach to the deck below and two will go to the top of tank.

" We are to cut the rudder-stock and make connection of same to the steering engine.

" We are also to connect the hand steering gear.

" The two partitions on the upper deck, where the steering engine is at present located, we are to tear out.

" We have started on this work and have already removed these partitions and have made measurements for the foundation plate for the towing engine.

" Inasmuch as this contract embodies very largely labor, which is a weekly expense, our terms on this will be cash on completion.

" This agreement is handed you in duplicate and is accepted by Messrs. Houlder, Weir & Boyd, 24 State Street, New York City, who guarantee the payment when due in the amount as before stated.

" Very truly yours,

" M. H. TREADWELL COMPANY,

" [SEAL]      H. N. DOUGHERTY,

" *Vice-President.*"

This was accepted by defendant and guaranteed by an indorsement at the foot of the letter as follows:

" S.

" Accepted:

" HOULDER, WEIR & BOYD, INC.,

" By WILLIAM BOYD,

" *President.*

" As agents of the General Petroleum Company, California, and for themselves as guaranteeing payment.

" Dated."

The defendant by failing to deny the allegations of the complaint admitted that it guaranteed payment. The plaintiff alleged performance and that a balance of $600 remained due and unpaid. The answer denied performance and alleged as a defense that the Treadwell Company and the petroleum company without defendant's knowledge or consent agreed upon a certain change in the contract. Other defenses were alleged but they were stricken out. The court submitted

to the jury two questions: (1) Whether the contract was performed, and (2) whether it was changed without defendant's consent.. The plaintiff made no motion for a direction of a verdict but its motion for a new trial entitles it to have the findings of fact reviewed.

The steering engine was on the upper deck of the steamer. The work contemplated by the contract of March 23, 1914, was the removal. of the steering engine to the deck below and the installation in its place on the upper deck of a towing engine and work incidental thereto designed to strengthen the ship with respect to the changes thus to be made.   The controversy is with respect to the two columns which it was evidently originally intended by this somewhat indefinite contract should extend from the bottom of the upper deck through the next deck below and rest on top of a tank which, in effect, constituted at that point the second deck below the upper deck.   The purpose of this was to afford further support for the upper deck.

The petroleum company employed one Jack, a marine architect, to prepare the plans for converting the steamer into an oil tank steamer and the plans were prepared by one Willemstyn, a like architect employed by Mr. Jack to whom he, in the main, left the supervision of the work.   The plaintiff's assignor had columns of suitable length to extend from the tank to the top deck but owing to a change in the location of. the steering engine found to be necessary as the work progressed, the columns could not be so placed and by direction of Willemstyn they were cut off and placed merely between the upper deck and the deck below the same as the other four columns; and plaintiff's assignor made an extra charge therefor, which was approved.

It appears from the evidence that until the location of the engines was definitely determined it could not be determined where or just how the columns were to be placed and they were placed as directed and required by the supervising architect representing the petroleum company.   The defendant acting for its principal admitted by correspondence that the plaintiff's assignor had performed its contract and had earned the amount which its principal agreed to pay for the work.   There is testimony to the effect that in making

such admission it relied on reports of the marine architects who represented its principal and that it was not aware of this change with respect to the two columns. We are of opinion that the finding of the jury that the change was made without the knowledge or consent of the defendant is against the weight of the evidence. In the circumstances we are also of the opinion that the contract was substantially performed and that the so-called change in the contract was a mere change in a detail of the work found to be necessary as the work progressed and for the benefit of defendant's principal and was not such a change in the contract as released the defendant from liability on its guaranty. (*Benjamin* v. *Hillard*, 23 How. [U. S.] 149, 164; *City of Middletown* v. *Ætna Indemnity Co.*, 121 App. Div. 589.)

It follows that the implied findings of the jury that the contract was not performed by plaintiff's assignor and was changed without the consent of the defendant should be reversed and the determination of the Appellate Term and the judgment of the City Court reversed and motion for a new trial granted, with costs to plaintiff in all courts to abide the event.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Determination of Appellate Term and judgment of City Court reversed and motion for new trial granted, with costs to plaintiff in all courts to abide event.